UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILLIAM WILLIAMS,<br>Petitioner | ) <br> ) <br> ) | CIVIL ACTION NO. 1:18-CV-2250 |
| | ) | (KANE, D.J.) |
| v. | ) <br> ) | (ARBUCKLE, M.J.) |
| FCI OTISVILLE,<br>Respondent | ) <br> ) <br> ) | |

<u>REPORT & RECOMMENDATION</u>

I. INTRODUCTION

John William Williams ("Petitioner"), a former federal prisoner now in Pennsylvania-state custody, proceeding *pro se*, filed a habeas corpus petition under 28 U.S.C. § 2255, challenging his federal court convictions. Petitioner argues that because of his mental infirmity, his guilty plea was not voluntary. For the reasons explained below, I recommend that this Petition (Doc. 1) be TRANSFERRED to the United States District Court for the Eastern District of Texas for consideration as a motion to vacate sentence under 28 U.S.C. § 2255.

II. FACTS AND PROCEDURAL HISTORY

On September 22, 2011, Petitioner pled guilty to being a felon in possession of a firearm in the United States District Court for the Eastern District of Texas. *Id.* at p. 1. On February 1, 2012, Petitioner was sentenced to forty-three (43) months

imprisonment, followed by three (3) years of supervised release. *Id.* Petitioner did not appeal his judgment of conviction or sentence. (Doc. 8, p. 2).

Petitioner was released from BOP custody on November 2, 2016. (Doc. 8-2, p. 17). On November 23, 2018, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1). On September 12, 2019, Respondent filed a Response (Doc. 8). On September 24, 2019, Petitioner filed a Traverse (Doc. 9).

In his Petition, Petitioner argues that because he was intellectually disabled and based on his attorney's conduct, his guilty plea was not voluntary. *Id.* at pp. 4-7. Specifically, Petitioner's Ground One, Ground Two, and Ground Three in his habeas petition state:

> 42 U.S.C. §§ 10801, et seq., §§ 12101, et seq., and §§ 12131, et seq.; and the denial of the assistance of counsel, due process of law, and equal protection of the law under the Sixth, Fifth, and Fourteenth Amendments to the Constitution.

*Id.*

Petitioner alleges different facts for each of the grounds in his Petition. As facts to support Ground One, Petitioner provides:

> At the time of the alleged offense, [Petitioner] was mentally ill and disabled, and mentally incompetent/insane, as indicated by the fact that the offense originated out of a suicide attempt (covered by news media in Beaumont, TX), and followed by a second suicide attempt a week later in jail. Throughout [Petitioner's] pretrial detention, and at time of [Petitioner's] guilty plea, [Petitioner] continued to be mentally ill and disabled, and mentally incompetent/insane, and was not competent to have entered a guilty plea in this matter. [Petitioner's] plea was neither voluntary, nor knowing and intelligent within the meaning of the law.

*Id.* at p. 4.

In support of Ground Two, Petitioner provides the following facts:

Counsel failed to inform the trial court of [Petitioner's] mental illness and disability, and likelihood of incompetency/insanity, and counsel did not request a psychiatric evaluation or competency hearing, prior to advising [Petitioner] to enter a plea of guilty in this matter.

*Id.* at p. 5.

In support of Ground Three, Petitioner provides: "Counsel did not attempt to put forth any defense relating to mental infirmity or defect, nor discuss the availability of such defense with [Petitioner]. *Id.* at pp. 6-7.

As relief, Petition seeks to have his conviction and sentence vacated and set aside. *Id.* at p. 12.

III. DISCUSSION

I find that Petitioner has not made out a valid case for pursuing habeas relief in the Middle District of Pennsylvania in lieu of a motion to vacate his sentence filed in the district where he was convicted and sentenced, the Eastern District of Texas, under 28 U.S.C. § 2255.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," is by way of a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir.1997). *See also United States v. Miller*, 197 F.3d 644, 648 n. 2 (3d Cir.1999) (stating that Section 2255 provides federal prisoners

a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood*, 110 F.Supp.2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). It is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. *See Hill v. United States*, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

As a general rule, a Section 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972). A habeas corpus petition "'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255'" *Gomez v. Miner*, No. 3:06-CV-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting *Myers v. Booker*, 232 F.3d 902 (10th Cir. 2000)). Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. *See Davis*

*v. United States*, 417 U.S. 333, 343 (1974). Thus, federal inmates, like Petitioner, who wish to challenge the lawfulness of their convictions must typically file motions with the sentencing court under Section 2255.

There is one, narrowly-tailored, exception. A petitioner is permitted to pursue habeas corpus relief only where he shows that the remedy under Section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing the availability of Section 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction

or sentence pursuant to a habeas corpus petition, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Petitioner's arguments simply do not demonstrate that he is entitled to resort to seeking habeas corpus relief on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of Petitioner's claims fall within the narrow exception outlined in *Dorsainvil*, in which habeas corpus relief could be available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. *Dorsainvil*, 119 F.3d at 251.

Petitioner's Petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings. Petitioner has not met the high standard so as to be allowed to proceed under Section 2241 instead of Section 2255. In fact, Petitioner has not advanced any arguments as to Section 2255's inadequacy or ineffectiveness. Petitioner ought to have brought his challenges under Section 2255 to the sentencing court, not this Court. Accordingly, I find that this Court lacks jurisdiction to entertain the instant Petition.

This matter is not appropriately before this Court.[1] Thus, the Petition should be transferred to the Eastern District of Texas, so the sentencing court may consider the Petition.

Federal habeas petitions are governed by the statutes and rules which apply generally to civil litigation. Such petitions are subject to the general rules governing venue in civil litigation, including 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

This Court has observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the sentencing court's intent was necessary to properly dispose of a petition . . . . *See Argentina v. Sniezek*, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); *Gardner v. Williamson*, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008) (Munley, J.) (citing *Verissimo v. INS*, 204 F.Supp.2d 818, 820 (D.N.J. 2002)) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner

---

[1] Respondent argues that the Petition should be dismissed because Petitioner is challenging an expired sentence. Although Petitioner was no longer physically in a federal facility when he filed his Petition, Petitioner remained on supervised release when he filed his Petition. A petitioner is still "in custody" for purposes of Section 2255 if he is still under supervised release. *See U.S. v. Essig*, 10 F.3d 968, 970 n.3 (3d Cir. 1993). Petitioner is not challenging an expired sentence.

was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); *Wilkins v. Erickson*, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

*Stover v. Sniezek*, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D. Pa. Aug. 12 2010)(Jones, J.); *see, e.g.*, *Argentina v. Sniezek*, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); *Gardner v. Williamson*, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D. Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the Eastern District of Texas pursuant to 28 U.S.C. § 1404 are fully satisfied. The Eastern District of Texas is another district where this claim might have been brought through a motion under 28 U.S.C. § 2255. The Eastern District of Texas is the most appropriate venue for Petitioner's challenge to his conviction and sentence.

It is also evident that the second prerequisite for a transfer order is present. A transfer of this action would serve "the convenience of the parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a).

This Court has noted:

Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing ... determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Page 8 of 11

*Gardner v. Williamson*, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D. Pa. April 14, 2008).

 Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. *See*, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

 Petitioner asked this Court to do something only the sentencing court should have the opportunity to do—set aside his conviction and sentence. We should decline this invitation, as Petitioner has not demonstrated that Section 2255 is inadequate or ineffective to test the legality of his conviction and sentence. Thus, the Court should transfer Petitioner's Petition to the sentencing court—the Eastern District of Texas.

IV.   RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that

(1)   Petitioner's Petition for a Writ of Habeas Corpus (Doc. 1) be TRANSFERRED to the United States District Court for the Eastern District of Texas for consideration as a motion to vacate sentence under 28 U.S.C. § 2255; and

(2)   The Clerk close the case.

Date: October 29, 2019               BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILLIAM WILLIAMS,<br>Petitioner | )<br>)<br>) | CIVIL ACTION NO. 1:18-CV-2250 |
| v. | )<br>) | (KANE, D.J.) |
| FCI OTISVILLE,<br>Respondent | )<br>)<br>) | (ARBUCKLE, M.J.) |

NOTICE OF LOCAL RULE 72.3

NOTICE IS HEREBY GIVEN that any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3 which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: October 29, 2019                    BY THE COURT

                                          *s/William I. Arbuckle*
                                          William I. Arbuckle
                                          U.S. Magistrate Judge